IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 13-013-CG |
| | ) | |
| ALAN PRESTON PRINE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR A NEW TRIAL PURSUANT TO FED.R.CIV.P. 33

This matter is before the court on the motion for reconsideration or, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33 (Doc. 59) filed by the defendant, Alan Preston Prine ("Prine"). For the reasons stated below, Prine's motion is hereby **DENIED**.

**I. MOTION FOR RECONSIDERATION**

Prine moves the court to reconsider its denial of his Rule 29 motion for judgment of acquittal. Doc. 59 at 1. Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit have nevertheless permitted parties to file such motions in criminal cases. Serrano v. U.S., 411 Fed. Appx. 253, 255 (11th Cir. 2011) (citing United States v. Phillips, 597 F.3d 1190, 1199–1200 (11th Cir. 2010)).

Reconsideration is considered to be an "extraordinary" remedy which is to be employed "sparingly." Gougler v. Sirius Products, Inc., 370 F.Supp.2d

1185, 1189 (S.D. Ala. 2005) (citing United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003); Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D.Pa. 1992); Spellman v. Haley, 2004 WL 866837, *2 (M.D.Ala. Feb.22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F.Supp. 1514, 1521 (M.D.Fla. 1995).

Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003). Prine does not allege an intervening change in controlling law, nor does he offer new and previously unavailable evidence; therefore, his motion rests on the alleged need to correct clear error or manifest injustice. See Doc. 59.

Prine's Rule 29 motion raised three grounds for judgment of acquittal: (1) that the government impermissibly broadened the indictment by failing to establish the specific age of the minors; Doc. 53 at 11; (2) that §2422(b) requires direct communication with a minor rather than with an adult intermediary; id. at 12; and (3) that §2422(b) requires enticement via a facility of interstate commerce, and not at a later face-to-face meeting; id. at

2

27-28.

Prine's motion for reconsideration merely restates his arguments regarding the first two grounds of his Rule 29 motion; he is silent as to the third ground. See Doc. 59 at 18-22; 22-24. Because these issues were previously litigated on the merits and denied, the court, finding no clear error or manifest injustice, finds that the motion for reconsideration is due to be denied. See U.S. v. Robinson, 416 Fed. Appx. 871, 873 (11th Cir. 2011).

**II. MOTION FOR NEW TRIAL PURSUANT TO RULE 33**

As the government correctly observes, Prine did not raise the issue of entrapment in his Rule 29 motion, and therefore was not entitled to a judgment of acquittal on that ground. Doc. 61 at 3; see also Doc. 53. Therefore, his entrapment argument is more properly considered under Federal Rule of Criminal Procedure 33(a), which allows the court to "grant a new trial if the interest of justice so requires." The court concludes that it does not.

"[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. U.S., 485 U.S. 58, 63 (1988) (citing Sherman v. United States, 356 U.S. 369, 376-378 (1958); United States v. Russell, 411 U.S. 423, 435-436 (1973); Hampton v. United States, 425 U.S. 484, 489 (1976)). See also United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007).

3

The defendant bears the initial burden of production to establish government inducement.  Orisnord, 483 F.3d at 1178 (quotation omitted).  If the defendant meets this burden, then it shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the offense.  Id.  In order to meet his initial burden of production, a defendant must "demonstrate[e] that he had not favorably received the government plan, and the government had to 'push it' on him or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate."  Orisnord, 483 F.3d at 1178 (quoting United States v. Andrews, 765 F.2d 1491, 1499 (11th Cir.1985) (quotation marks omitted)).  If the defendant fails to establish government inducement, then the burden does not shift to the government and the defendant is not entitled to submit the issue to the jury.  U.S. v. Costello, 483 F.2d 1366, 1368 (5th Cir. 1973).

At trial, the evidence amply demonstrated that Prine "favorably received" the undercover police officer's proposal of engaging in sexual activity with children[1] and did not demonstrate the slightest need for the undercover agent to "push" the plan upon him.  Prine seized the initiative in responding to an online classified ad which contained cryptic references to "P.hamily fun [sic]" and contained the abbreviation "PTHC," which stands for "Pre Teen Hard Core."  Doc. 59-1 at 1.  Within minutes of first making

---

[1] The undercover police officer was posing as a 32 year-old mother of three named "Cindy Carmichael."

4

contact with the undercover police officer, Prine asked "DO YOU HAVE KIDS? WHAT AGE/SEX?" Doc. 59-3 at 1. It was Prine, not the undercover agent, who defined "family fun" as "sexual interaction between family members." Id. Upon being told that the undercover officer posing as the mother had two daughters who were not much older than "9+," Prine made several lurid inquiries regarding what sexual activities the girls "liked", and suggested without prompting from the undercover officer that he, the mother, and the girls meet for ice cream "after school." Id. at 5-6.

Such evidence does not show the least reluctance on Prine's part nor does it evince inducement by the undercover police officer posing as "Cindy Carmichael." The most any government agent did was provide Prine the opportunity for commission of the crime. Accordingly, the court finds that Prine's motion for a new trial pursuant to Fed.R.Crim.P. 33(a) is due to be and hereby is **DENIED**.

**DONE** and **ORDERED** this 13th day of June, 2013.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**

5